JOHN INGERHAM, Respondent, v. THOMAS M. S. WEATHERMAN, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Account:** CHANGE IN BOOK: INSTRUCTION: RECORD. The evidence relating to a change in an account book as to the debtor is reviewed and an instruction relating to the same subject is presumed to have been properly refused since the record preserved no evidence on which to base it.

2. **Witnesses:** ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATION. An attorney at law can not testify as to facts learned while acting as attorney in the same matter.

3. ———: HUSBAND AND WIFE: AGENCY. The wife is a competent witness to transactions which she attended to as the agent of her husband, though such agency is made to appear by her own evidence.

Ingerham v. Weatherman.

4. **Estoppel:** SUIT AGAINST A THIRD PARTY: SUGGESTION OF THE DEFENDANT. Plaintiff is not estopped to maintain a suit against the defendant though he brought a suit on the same account against a third party at the suggestion of the defendant.

5. **Parties:** HUSBAND AND WIFE: FAILURE TO OBJECT: APPELLATE PRACTICE. Though on the trial of an action by the husband alone it appears that the wife is interested as a partner, such defect of parties can not be raised for the first time in the appellate court.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

ALESHIRE & BENSON for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence at the close of the case. Mrs. John Ingerham, wife of plaintiff, testified that the claim sued for was owned by Ingerham & Company and that she was a member of the firm. R. S. 1889, sec. 1990. (2) The court erred in refusing defendant's instruction number 2. There was evidence tending to show that the book had been changed by erasing Waterman's name, and the book was introduced in evidence at the close of Mrs. Ingerham's testimony. Where there is any evidence tending to prove any issue before the jury, it should be submitted to the jury under proper instructions. Cook v. Railroad, 63 Mo. 397; Higgins v. Railway, 43 Mo. App. 552; Price v. Barnard, 65 Mo. App. 649; Wolff v. Campbell, 110 Mo. 120; Kelly v. Railroad, 70 Mo. 604. (3) The court erred in refusing defendant's instruction number 3. If plaintiff, in March, 1897, treated A. S. Waterman as his debtor and brought the suit against him, then plaintiff would be estopped from suing defendant for the same claim. (4) The court erred in refusing to permit J. A. Sanders to testify; even if he had been the attorney for plaintiff he should have testified as to what he saw in the

. other trial. This was at a public trial and could not be treated as a confidential disclosure. Deuser v. Walkup, 43 Mo. App. 625; Deuser v. Hamilton, 52 Mo. App. 394. (5) The court erred in permitting Mrs. John Ingerham, the wife of plaintiff, to testify "at random" and about the entire transaction. No attempt was made in any legal way to prove her agency, but she was permitted to testify to everything connected with the case. R. S. 1889, sec. 8922; McFadin v. Catron, 120 Mo. 252; Shanklin v. McCracken, 140 Mo. 348; Waddle v. McWilliams, 21 Mo. App. 298; Holman v. Bachus, 73 Mo. 49.

C. A. ANTHONY and J. W. THOMPSON for respondent.

(1) The nonjoinder of parties can be taken advantage of by a demurrer or answer. If not so done, it is waived. Reugger v. Lindenberger, 53 Mo. 365; Butler v. Lawson, 72 Mo. 246, 247. Besides this question is raised for the first time in the appellate court. (2) If Mrs. Ingerham was a partner, her permission for plaintiff to bring suit in his own name would estop her, and any judgment would be good. R. S. 1889, sec. 1996; State ex rel. v. Barker, 26 Mo. App. 487; 1 McQuillen's Pl. & Prac., sec. 887. A partner may sue in his own name when contract was made with him. (3) There was no evidence that the name of Waterman had been erased. The evidence is to the contrary. (4) The court committed no error in refusing the proffered evidence of witness Sanders. The cases cited by appellant have no application to the facts in this case. (5) The court did not err in permitting Mrs. Ingerham to testify. Her agency was sufficiently shown by the husband, that she was bookkeeper and could testify as to facts done as such. And besides this, the weight of authority is that she could prove her agency. The case of Williams v. Williams, 67 Mo. 661, and Mfg. Co. v. Tinsley, 75 Mo. 458, are expressly disapproved in Leete v. Bank, 115 Mo. 204. It would be a fraud on plaintiff to

allow defendant to testify to all the facts, then exclude Mrs. Ingerham from what was said and done by Waterman in her presence and in the absence of her husband.   Moeckel v. Heim, 134 Mo. 576-580.

ELLISON, J.—This is an action on an account for seven hundred and six apple barrels sold by plaintiff to defendant and for the storage of apples.   Plaintiff recovered in the trial court.

Plaintiff's wife kept an account of the sale in a book, he being unable to read or write.   It was contended at the trial and is now urged here that the book had ACCOUNT: change been changed by erasing the name of one in book: instruc-
tion: record.   Waterman and inserting that of this defendant.   All the evidence heard on this head showed that the change charged had not been made.   The book itself containing the account was introduced to show that the change had been made.   But the account as it appears in the book is not preserved in the record, nor is there any description of it.   The whole matter is made to stand on the statement in the abstract that the book was introduced.   The court refused an instruction with reference to this alleged change of account, we presume on the ground that there was no evidence upon which to base it.   We must rule this to have been correct, since all the evidence preserved in the record not only fails to show any change but affirmatively shows there was none.

But in order to show there had been a change made a witness, an attorney at law, was introduced for the purpose of testifying that he had on one occasion seen WITNESSES: the book when it contained a charge against attorney and
client: privileged Waterman which was changed to this defend-
communication.   ant.   This witness stated that when he saw the book he had it, or examined it, as the attorney for plaintiff.   On objection the witness was very properly not allowed to testify.

The plaintiff's wife was offered as a witness. The things she testified to for plaintiff relating to this transaction,

—: husband and wife: agency.

were those matters which she attended to as the agent of her husband. This agency was made to appear by her own evidence. There was, therefore, no objection to this. Leete v. Bank, 115 Mo. 204.

Defendant complains of the refusal of his third instruction which told the jury that if plaintiff prior to bringing the

ESTOPPEL: suit against a third party: suggestion of the defendant.

present action had instituted an attachment suit against Waterman for the claim here sued upon, there was an estoppel in favor of defendant. The instruction was properly refused. The suit was shown to have been instituted at the instance and request of this defendant, this plaintiff relying upon him and following his suggestion in the matter. It was dismissed as a futile effort without trial. There was no element of estoppel.

We have stated above, that the wife's evidence was competent by reason of her agency. There was, however,

PARTIES: husband and wife: failure to object: appellate practice.

evidence showing her to have been jointly interested with her husband, the plaintiff, as a partner. And it is now urged here, for the first time, that there was a defect of parties plaintiff; that she should have been joined as a party. The objection is ill-timed. The cause was tried without proper objection in this respect and it is now too late to make a question of it.

The criticism made on plaintiff's instructions are not well founded. The judgment was undoubtedly for the right party and it will be affirmed. All concur.